UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| RYAN FRANKE )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>)<br>KENNY JANES, Individually )<br>283 Crestwood Road )<br>Louisville, KY 40229 )<br>)<br>DEFENDANT ) | CIVIL ACTION No. 3:23CV-119-RGJ |

## COMPLAINT

### I. Preliminary Statement

1. This is a damages action under 42 U.S.C. § 1983 and state law against a police officer stemming from the officer's unjustified use of excessive force against a non-violent man who had allowed himself to be handcuffed.  Plaintiff alleges that Officer Kenny Janes purposefully caused significant injury to the wrist of Ryan Franke without lawful cause, thereby violating Mr. Franke's right to be free from unreasonable seizure, in violation of the Fourth Amendment to the United States Constitution.  Plaintiff further alleges that Officer Janes acted negligently, recklessly or wantonly, and within the course and scope of his employment or, in the alternative, that he acted intentionally, thereby violating Mr. Franke's rights under Kentucky tort law.

2. **II. Jurisdiction and Venue**

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, and § 1343 which provides for original district court jurisdiction over cases presenting federal questions.

4. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

5. Bullitt County, Kentucky is the location of the events and/or omissions giving rise to this claim; therefore, venue in this district is proper pursuant to 28 U.S.C. § 1391.

### III. Parties

6. The plaintiff, Ryan Franke, at all times material hereto was and is a resident of Jefferson County, Kentucky.

7. The defendant, Kenny Janes, in his individual capacity (Officer Janes) at all times mentioned herein was and is an Officer of the Hillview Police and was individually and directly involved in the use of force against Mr. Franke.

### IV. Nature of Defendants' Conduct

8. Upon information and belief, Plaintiff alleges: (i) that defendant individually engaged in the conduct described herein under color of the law of the City of Hillview, Kentucky and the Commonwealth of Kentucky; (ii) that the defendant named above knowingly participated in, the conduct described herein in his individual capacity; and/or (iii) that defendants' conduct was intentional, deliberately indifferent, negligent, grossly negligent, indicated active malice, and/or showed deliberate and/or reckless disregard for and indifference to the health of Mr. Franke and his Constitutional and/or common law rights, and justifies an award of actual and punitive damages.

### V. Facts

9. At all relevant times, the defendants acted under color of state law. In addition, at all relevant times, Officer Janes acted within the course and scope of his duties as a Hillview Police Officer.

10. On or about March 12, 2022 Mr. Franke was waiting in the parking lot after attending on of his children's basketball games.

11. Before police arrived, Mr. Franke had been attacked by another patron of the game.

12. Another attendee of the game called police to report this altercation.

13. As police arrived the altercation had already ended and Mr. Franke was standing peaceful with a group of relatives.

14. When police arrived Mr. Franke's ex-wife falsely reported that Mr. Franke had threatened her.

15. Instead of investigating the original call for the person who attacked Mr. Franke officers approached Mr. Franke to detain him and investigate his ex-wife's false allegations.

16. Mr. Franke was asked to place his hands behind his back and be handcuffed.

17. Mr. Franke allowed himself to be handcuffed, but was confused as the original call had been to investigate the person who attacked him.

18. Officer Janes forcefully handcuffed Mr. Franke.

19. Mr. Franke repeatedly asked to give his side of the story to Officer Janes and continued talking to relatives as Officer Janes was walking Mr. Franke to his police car.

20. When Franke was already handcuffed, as Officer Janes was walking Mr. Franke to his police car, Officer Janes violently and intentionally twisted Mr. Franke's hands and arms with the intention of causing pain to Mr. Franke.

21. Mr. Franke repeatedly complained of pain as he sat, handcuffed in the back of Officer Janes' police car.

22. Officer Janes eventually loosened Mr. Franke's handcuffs after repeated complaints.

23. After a review of surveillance footage, it was determined that the accusations against Mr. Franke were false.

24. Mr. Franke's ex-wife was never charged with false reporting.

25. Mr. Franke has suffered serious and permanent wrist injuries from this incident.

## VI. Causes of Action

### A. Count I – Violation of the Fourth Amendment to the Constitution of the United States of America

26. Paragraphs 1-25 above are incorporated herein by reference and made this Count I.

27. Defendant, Janes's, conduct and use of unnecessary and unwarranted force to subdue Mr. Franke was objectively unreasonable, was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of his deliberate and reckless disregard of and indifference toward the health of Mr. Franke, his rights, and the risk of harm to him engendered by the conduct of the defendant.

28. As a result of the above conduct, Mr. Franke, through the deliberate indifference and gross negligence (if not reckless, intentional and/or malicious conduct) of defendant, Janes, was seriously injured by excessive force and without due process of law and in violation of the use of excessive force found in the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

### B. Count II – General Negligence

29. Paragraphs 1-28 above are incorporated herein by reference and made this Count II.

30. By virtue of the foregoing, defendant, Janes, was negligent and/or grossly negligent and said acts and omissions were the direct and proximate cause of the injuries suffered by Mr. Franke.

### E. Count III – Common Law Battery

31. Paragraphs 1-30 above are incorporated herein by reference and made this Count III.

32. By virtue of the foregoing, defendant, Janes, committed common law battery upon Mr. Franke.

### VII. Damages

33. Paragraphs 1-32 above are incorporated herein by reference and made this Paragraph 33.

34. Plaintiff, Ryan Franke, is entitled to recover his past and future reasonable medical expenses. Plaintiff, Ryan Franke, is also entitled to recover damages for past and future physical and mental pain and suffering he experienced as a result of this incident. Plaintiff is entitled to recover attorney's fees as a result of this action. The violation of Mr. Franke's Constitutional and common law rights was cruel, malicious, and evinced a total and reckless disregard for his health and his rights, entitling plaintiffs to recover punitive damages to deter such conduct in the future. This relief and these damages are proper under KRS 411.184 and 411.186.

**WHEREFORE**, Plaintiffs request trial by jury of all allegations set forth herein, and that plaintiff be awarded all damages sought in Paragraph 34, including actual and punitive damages, pre- and post- judgment interest at the maximum legal rate, costs, attorneys' fees and all other relief to which they are entitled under law or in equity.

Respectfully submitted,

/s/ Rob Astorino Jr.
Rob Astorino Jr.

STEIN WHATLEY ATTORNEYS, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY 40205
(502) 553-4750
(502) 459-2787 (f)
rastorino@steinwhatley.com